UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL JOSE ANTONIO JESUS,

Petitioner,

v. Case No.: 2:26-cv-02677-SPC-KRH

MARKWAYNE MULLIN *et al.*,

Respondents,

______________________________/

**OPINION AND ORDER**

Before the Court is Miguel Jose Antonio Jesus's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Antonio Jesus's reply (Doc. 7).

Antonio Jesus is a native and citizen of Guatemala who entered the United States without inspection in 2004. He is married to a U.S. citizen and is the beneficiary of an approved Form I-130 Petition for Alien Relative. On September 16, 2026, a Florida Highway Patrol officer pulled Antonio Jesus over because his headlights were not on. The officer contacted Border Patrol, and Border Patrol Agent David Strange traveled to the scene and arrested Antonio Jesus. The Record of Deportable/Inadmissible Alien states the arrest occurred at 8:00 a.m. Later that day, at 12:25 p.m., Acting/Patrol Agent in Charge Harrison Crawford issued an I-200 Warrant for Arrest of Alien. A minute later, Crawford commenced removal proceedings by issuing a notice to

appear (NTA). Paradoxically, Agent Strange certified he served the warrant on Antonio Jesus at 11:54 a.m. on September 16, 2026.

In his habeas petition, Antonio Jesus claims his arrest and detention violate the Fifth Amendment, the Immigration and Nationality Act, and implementing regulations because there was no warrant, he was not in removal proceedings, and no officer determined he was likely to escape before a warrant could be obtained. In response, the government certifies it is detaining Antonio Jesus under the discretionary detention provision of 8 U.S.C. § 1226(a) and argues he should request a bond hearing before seeking habeas relief. The government does not respond to Antonio Jesus's unlawful-arrest-and-detention claim.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The Court finds a clear Fifth Amendment violation here because the government did not afford Antonio Jesus the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).[1] A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

The government violated Antonio Jesus's right to due process by arresting and detaining him without a warrant and before he was in removal proceedings. "ICE does not have free-ranging ability to arrest and detain

---

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim the arresting officer had the requisite probable cause here.

people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025)

Accordingly, it is hereby

**ORDERED**:

Miguel Jose Antonio Jesus's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Antonio Jesus within 24 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 13, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record